IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                                       CRIMINAL ACTION NO. 3:13-00114-01

GARY D. EASTERLING
    also known as "Gary Smith"
    also known as "Chew"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is "Motion of Defendant Gary Easterling for Reconsideration of the Court's Oral Ruling of May 19, 2014 Denying the Defendant's Motion to Dismiss Case for Violation of Defendant's Right to a Speedy Trial." ECF No. 237.  Upon review, the Court **DENIES** the motion.

On April 25, 2014, Defendant filed a motion to have this case dismissed on speedy trial grounds. ECF No. 152.  In his motion, Defendant stated he was arrested on March 8, 2013, and charged in State court with the offense of possession with intent to deliver a controlled substance under West Virginia law.  Defendant was held at the Western Regional Jail.  Thereafter, a federal warrant was issued for Defendant on March 12, 2013.  The warrant was executed at the jail on March 20, 2013, and Defendant made an initial appearance before a federal magistrate judge that same day.  A preliminary hearing was held on March 25, 2013, and Defendant was bound over for the federal grand jury.  On April 17, 2013, Defendant was indicted on federal charges.

Defendant argued that his arrest on March 8, 2013, was really a federal arrest and, therefore, his indictment on April 17, 2013, violated the 30 day speedy trial clock found in 18 U.S.C. § 3161(b). The Court held a hearing on the motion on May 19, 2014, at which time Defendant offered a number of exhibits into evidence, including a series of documents from State court regarding his State arrest, the State criminal complaint, his State bail, his initial appearance before the county magistrate, the dismissal of the State charges, subpoenas in county magistrate court, a jail release order, an affidavit for appointed counsel in the State case, facsimile cover sheets, and documents from the county public defender's office. ECF No. 185(6) Ex. 5. After hearing the arguments of the parties and reviewing the evidence, the Court denied Defendant's speedy trial motion from the bench. Thereafter, Defendant entered a guilty plea on June 9, 2014.

Defendant now renews his speedy trial arguments. Defendant asserts that he, his current counsel, and one of his previous attorneys contacted the county magistrate court clerk and were told no records regarding Defendant could be found. Therefore, Defendant argues all the State documents are forged, fraudulent, and/or falsified.

In considering Defendant's motion, the Court finds that, when Defendant entered his guilty plea, he agreed to waive his right to a speedy and public jury trial. A valid guilty plea waives any non-jurisdictional defects, such as the right to a speedy trial. *U.S. v. Moreno-Serafin*, 251 Fed. Appx. 185, 187-88 (4th Cir. 2007) (per curiam); *U.S. v. Davis*, 236 Fed. Appx. 873, 875 (4th Cir. 2007) (per curiam) (stating "both the constitutional and the statutory right to a speedy trial are non-jurisdictional and are, therefore, waived by an unconditional and voluntary guilty plea")

(citation omitted). Thus, given the validity of Defendant's plea[1] and his express waiver of his speedy trial rights, the Court **DENIES** his current motion.

Furthermore, even if the Court were to consider the underlying basis of Defendant's claim, the Court would find it without merit. The fact the documents could not be found by the county clerk does not mean the documents were forged and are fraudulent. At the motion hearing, Defendant actually submitted the documents at issue, and he never challenged their legitimacy. Many of these documents are signed and initialed by Defendant himself, including his initial appearance before the county magistrate judge and his sworn affidavit for eligibility for a public defender. Other documents are signed by the county magistrate judges, a magistrate clerk, police officers, an assistant county prosecuting attorney, and the county public defenders. The Court finds absolutely no basis to doubt the legitimacy and authenticity of these documents.

Accordingly, for the foregoing reasons, the Court **DENIES** Defendant's renewed speedy trial motion. ECF No. 237.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: August 29. 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

---

[1] In his motion, Defendant specifically states that he is not seeking to have his plea agreement or his guilty plea set aside.